I must respectfully dissent because a genuine issue of material fact exists as to whether there is coverage under the policy language. I would hold that Cincinnati has a duty to defend.
As stated by Judge McDonald in State Farm Fire and Cas. Co. v.Helminiak (1995), 74 Ohio Misc.2d 91, 96, in a dispute much like the one at bar:
 [A] duty to defend will exist if, based on all competent summary judgment evidence of record, the claims against the Helminiaks arguably or potentially fall within policy coverage. More specifically, a duty to defend exists if property damage was arguably or potentially caused by an "occurrence," and the cause of the property damage was neither expected or intended nor the result of the Helminiaks' malicious acts.
 The property damage in Helminiak was the result of statements made by Helminiak. After finding that a genuine issue of material fact existed as to whether a negligent misrepresentation had occurred, the court continued:
 Since Mr. Helminiak's alleged negligent misrepresentation was unintentional and thus "accidental," it is an "occurrence." Further, since it was unintentional, the exclusions for expected or intended and malicious damage do not apply. Therefore, the misrepresentation claim against Mr. Helminiak arguably or potentially falls within policy coverage and, as a matter of law, State Farm is not entitled to a declaration that it has no duty to defend or indemnify the Helminiaks with respect to the misrepresentation claim. Thus, State Farm is not entitled to summary judgment on this issue.
 Id. at 97. Applying this logic to the instant case, Cincinnati is not entitled to summary judgment that it has no duty to defend. Indeed, a question exists as to whether Colelli caused damage to Pennzoil's reactors. Hence, the claims against Colelli arguably or potentially fall within policy coverage and, as a matter of law, Cincinnati is not entitled to a declaration that it has no duty to defend. The trial court correctly determined that Colelli is entitled to summary judgment in its favor. I therefore dissent.